· ALBERT F. MAURER CO. *v.* UNITED STATES (No. 4846)[1]

United States Court of Customs and Patent Appeals, April 3, 1956

*Allerton deC. Tompkins* for appellant.

. *Warren E. Burger*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Alfred A. Taylor, Jr.*, trial attorney, of counsel), for the United States.

[Oral argument February 7, 1956, by Mr. Tompkins and Mr. FitzGibbon]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, and JACKSON (retired), Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, pursuant to its decision, Abstract 58777, overruling a protest by appellant and sustaining the collector's classification of certain imported articles as wrenches, as defined by the language of paragraph 396 of the Tariff Act of 1930. Appellant contends that the proper classification is under the provisions of paragraph 397 of the Act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. The respective paragraphs read as follows:

· Par. 396. Drills (including breast drills), bits, gimlets, gimlet-bits, countersinks, planes, chisels, gouges, and other cutting tools; pipe tools, wrenches, spanners, screw drivers, bit braces, vises, and hammers: calipers, rules, and micrometers; all the foregoing, if hand tools not provided for in paragraph 352, and parts thereof, wholly or in chief value of metal, not specially provided for, 45 per centum ad valorem.

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

    \*        \*        \*        \*        \*        \*        \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

    \*        \*        \*        \*        \*        \*        \*

   Other (except slide fasteners and parts thereof) _____ 22½% ad val.

---

[1] C. A. D. 613.

The articles are small metal rods of hexagonal cross section, having a shorter portion at one end bent at right angles to the remainder of the rod. They are designed for use in conjunction with threaded bolts and screws which have hexagonal depressions in their heads corresponding in size to the rods. Either end of the rod may be inserted into the bolt or screw depression with the remaining portion used as a lever in turning the bolt or screw.

Appellant relies upon what it believes to be the common meaning of the term "wrench," and in its brief argues that the dictionary definitions of that term cited by the trial court

* * * require that a wrench must have some kind of jaw, socket arrangement, or angular orifice to fit over or around the head of a nut or bolt, whereas the merchandise under appeal is designed to be *inserted into* a hole or orifice and does not contain any kind of jaw, socket or angular orifice. (Italics quoted)

It further contends that

All screw keys do not have a jaw, socket or angular orifice. *Some do* and *some do not*. The common radiator screw key *does* (the key used to release air in a radiator), the merchandise under appeal *does not*. We therefore contend that *all* screw keys are not wrenches, and that the trial court erred in concluding, without any authority to support its position, that all screw keys are wrenches because some types of screw keys have a jaw, socket or angular orifice.

It is noted in the decision of the Customs Court that the consumption entry describes the articles as "BENT STEEL WIRE PIECES as Wrenches or Hand Tools;" that the appraiser's report states that they are commercially known, bought, and sold as "Allen Wrenches;" and that since the entry and report were timely, they become a proper source of information, citing *M. Pressner & Co.* v. *United States*, 26 C. C. P. A. (Customs) 186, C. A. D. 16.

In sustaining the ruling by the collector, the Customs Court cited the following definitions:

The Century Dictionary and Cyclopedia

*Wrench* N. (5). A tool consisting essentially of a bar of metal having jaws at one end adapted to catch upon the head of a bolt or a nut, or to hold a metal pipe or rod, so as to turn it.

Webster's New International Dictionary

*Wrench* N-4. An instrument, *often* a single bar or lever with jaws or an angular orifice either at the end or between the ends, for exerting a twisting strain, as in turning bolts, nuts, screw tops, etc.; *a screw key*; a spanner. (Italics ours.)

New Standard Dictionary

*Wrench* N. (2) A tool for twisting or turning bolts, nuts, pipe or the like, consisting of a lever with jaws, lugs, or a socket adapted or adjustable to fit a nut, bolt head, or other object to be turned.

Knight's Mechanical Dictionary

*Wrench*. A bar having jaws adapted to catch upon the head of a bolt or upon a nut to turn it, or to hold the latter from turning in some cases when the bolt is being rotated.

The following definitions of the terms "spanner" and "screw-key," which are used in some of the above definitions of the word "wrench" were also quoted by the Customs Court:

### Webster's New International Dictionary

*Screw-key.* A wrench or spanner for turning a screw or nut.

*Spanner.* N. 3. A tool, having a jaw or socket at either end or both ends to fit a nut or the head of a bolt, a pipe or hose-coupling or the like, and used as a lever to turn it with, esp. one having a tooth or one or more pins in its jaws, to fit a special ream in the bolt or nut; a wrench.

### Standard Dictionary of the English Language

S-Key. *n.* 2. A socket-wrench or the like for turning a screw.

### Century Dictionary and Cyclopedia

Screw-key, *n.* A key for turning a screw. It may be a form of screw-driver, or a form of wrench. * * *

*Screw key,* N. 2. A socket-wrench in which the *socket is formed* on the end of the shank *to receive* the nut or head and the shank is turned by a crosspiece or T-head. (Italics quoted)

From the foregoing definitions it is clear that if the article at bar were formed with a hexagonal recess in its end for surrounding a correspondingly shaped bolt or screw head, there is no doubt it would properly be classified as a wrench. The question here, therefore, is whether the provision of the recess in the bolt head rather than in the end of the tool alters that classification.

The above definition of "wrench" from Webster's New International Dictionary is to the effect that a wrench is an instrument for exerting a twisting strain, as in turning bolts, nuts, screw tops, etc. It adds that a wrench is "often a single bar or lever with jaws or an angular orifice," but it seems clear from the use of the word "often" that the form described is not necessary in all cases.

Similarly, the Encyclopedia Britannica defines a wrench as a spanner and a spanner as "A tool for turning nuts, setscrews, coach-screws, spindles including those of hydrants and valves." It then lists the principal forms of spanners, all of which have jaws or recesses. However, the statement that those listed are the principal forms clearly suggests that there are, or may be, other forms.

In Machinery's Encyclopedia, Vol. VI, page 553, under the word "Wrench" there is illustrated a tool which consists of a flat metal Bar "M" having a U-shaped fork at one end, with a pin "s" projecting at right angles to the face of the bar, on each arm of the fork. It is stated in the text that "There are many cases when a cylindrical nut is set into some portion of a machine in such a way that there is no protruding portion to which a wrench of the ordinary type can be applied. In cases of this kind, several holes may be drilled in the face of the nut so that the pins s in the wrench shown at *M* can be used to

give the necessary grip, when adjustment is needed. It will be noted that the wrench thus described does not have a jaw or socket which fits over or around the head of the nut, but that the operative connection between the wrench and the nut is established by pins which project from the wrench and enter depressions in the face of the nut.

As above noted, the appraiser's report states that the type of tool here under consideration is known as an "Allen Wrench." Appellant does not dispute that statement but asserts that the tool is so called because it may be used with screws known as "Allen's Hex Socket Screws," and that when the trade name "Allen" is not used in conjunction with the word "wrench," the item is not commercially called a "wrench" but a "key." However, the record contains no evidence to support that position.

While we have found no decisions directly in point, in our opinion the term "wrench" is not necessarily limited to tools having jaws or a socket for embracing the part to be turned, but is broad enough to include a tool of the type at bar. Certainly there is no such showing of error in the concurring holdings of the collector and the Customs Court to justify reversal of the judgment appealed from.

The judgment of the Customs Court is, accordingly, *affirmed.*

JACKSON, Judge, retired, recalled to participate.

O'CONNELL, Acting Chief Judge, was present at the argument of this case but by reason of illness did not participate in the decision.

COLE, Judge, because of illness, did not participate in the hearing or decision of this case.